1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

PUERTO RICO ELECTRIC POWER
AUTHORITY,

Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

Defendant.

CIVIL NO. 20-1393 (GAG)

## OPINION AND ORDER

On June 29, 2020, the Puerto Rico Electric Power Authority ("PREPA" or "Plaintiff") filed the instant complaint against Liberty Mutual Insurance Company ("Liberty" or "Defendant") alleging that Liberty owes PREPA payments from surety claims regarding the electricity consumption of Kmart Corp. ("Kmart") and Sears, Roebuck, and Co. ("Sears") between March 23, 2017, and October 14, 2018. (Docket Nos. 1-3). Kmart and Sears defaulted on their debts to PREPA when they filed for bankruptcy on October 15, 2018, under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*., before the United States Bankruptcy Court for the Southern District of New York. See In re Sears Holding Corp., Case No. 18-23538 (RDD) (S.D.N.Y. Oct. 15, 2018).

Presently before the Court is Liberty's motion to dismiss under FED. R. CIV. P. 12(b)(6). (Docket No. 10). PREPA opposed the motion to dismiss and moved for summary judgement. (Docket Nos. 13-14). Liberty replied to PREPA's opposition, (Docket No. 19), and opposed

Civil No. 20-1393 (GAG)

PREPA's motion for summary judgment, (Docket No. 24). PREPA sur-replied to Liberty's reply regarding Liberty's motion to dismiss, (Docket No. 32), and replied to Liberty's opposition to PREPA's motion for summary judgment, (Docket No. 34). Liberty sur-replied to PREPA's reply regarding PREPA's motion for summary judgement. (Docket No. 41). For the ensuing reasons, the Court **DENIES** Liberty's motion to dismiss at Docket No. 10 and **DENIES** PREPA's motion for summary judgment at Docket No. 13.

## I.     Relevant Factual and Procedural Background[1]

PREPA executed a surety contract (the "Bond") with Liberty in exchange for Liberty's issuance of surety bonds guaranteeing payment of Kmart's and Sears's electricity bill between March 23, 2017, and October 14, 2018.[2] (Docket Nos. 13 ¶ 11; 1-3 ¶¶ 7, 8).

On February 14, 2019, PREPA filed a claim with Liberty under account 3206 ("Account 3206") of the Bond for $30,935.60. (Docket Nos. 1-3 ¶ 11; 14-3 at 5-7). On March 25, 2019, Liberty acknowledged PREPA's February 14, 2019, claim under Account 3206 and requested that PREPA submit the Proof of Claim form provided by Liberty in its acknowledgement. (Docket Nos. 1-3 ¶ 12; 14-3 at 11-12). On March 27, 2019, without having received the executed Proof of Claim form for the February 14 claim, Liberty sent PREPA a letter approving in full PREPA's claim under Account 3206 and requesting that PREPA sign and notarize an enclosed "Release and Assignment" form ("Release") for Liberty to process the payment. (Docket Nos. 1-3 ¶ 12; 14-3 at 16-20).

Subsequently, PREPA, acting through attorney Rafael Ramírez Polanco ("Counsel Polanco") of Corretjer, LLC, submitted another claim to Liberty. (Docket Nos. 1-3 ¶ 13; 14-4). This

---

[1] For purposes of the motion to dismiss, the Court accepts as true all the factual allegations in the Amended Complaint and construes all reasonable inferences in favor of Plaintiff. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

[2] Neither party has yet been able to produce a copy of the bond. Liberty contests the validity of the same. (Docket No. 24 at 7-8).

Civil No. 20-1393 (GAG)

June 26 claim covered twenty-two accounts under the Bond, (Docket No. 14-4), and requested an aggregate payment of $842,730.81. (Docket Nos. 1-3 ¶ 13; 14-4). On June 27, Liberty acknowledged receipt of the June 26 claim and informed Counsel Polanco that PREPA had previously submitted a claim that Liberty had approved, but that PREPA had failed to return the executed Release provided by Liberty. (Docket Nos. 1-3 ¶ 14; 14-5 at 1-2). In this same letter, Liberty requested that PREPA fill out the attached Proof of Claim form. (Docket No. 14-5 at 3-6).

On July 3, 2019, PREPA executed the Release and the Proof of Claim form provided by Liberty, separately notarizing each. (Docket No. 14-6 at 2-3). PREPA filled out the Proof of Claim form explicitly in connection with the original February 14 claim regarding Account 3206. Id. at 2. On July 19, PREPA, acting through Counsel Polanco, returned both the Release and the Proof of Claim form to Liberty in a single email attachment. (Docket Nos. 14 ¶ 14; 14-6 at 1; 13 ¶ 17). The body of the email read: "Attached please find the duly executed Proof of Claim Affidavit under the bond of reference for account 3206." (Docket No. 14-6).

On July 23, 2019, Liberty issued a check numbered 0070159785 in the amount of $30,935.60, payable to PREPA ("the Check"). (Docket Nos. 1-3 ¶ 17; 14-7 at 2). The Check indicated that it was the "full and final payment, release and assignment of all claims against bond no. 285030664 issued on behalf of Kmart Corporation." Id. On July 30, Counsel Polanco responded to Liberty indicating that PREPA could not accept the Check unless Liberty confirmed that the "full and final payment, release and assignment," was only in relation to PREPA's claim for $30,935.60 under Account 3206 and not for PREPA's claims under the other twenty-two accounts covered by the Bond. (Docket Nos. 1-3 ¶ 20; 14-7 at 1). Referencing the Release executed on July 3, 2019, Liberty responded that PREPA had released it from all claims under the Bond rather than just that under Account 3206. (Docket Nos. 1-3 ¶ 21; 14-8).

Civil No. 20-1393 (GAG)

On August 19, 2019, Liberty rejected PREPA's June 26 claim for $842,730.81, citing to the Release, and invited PREPA to request reconsideration. (Docket Nos. 1-3 ¶ 23; 14-10 at 1-2). On June 3, 2020, PREPA requested reconsideration, threatening to sue if it did not receive payment in ten days. (Docket Nos. 1-3 ¶ 24; 14-11).

On June 29, 2020, PREPA filed a complaint in the Commonwealth of Puerto Rico Court of First Instance against Liberty, seeking to find it liable as surety under the Bond. (Docket No. 1 ¶ 1). PREPA served Liberty with process on July 28, 2020. Id. ¶ 2. On August 7, 2020, Liberty timely and properly removed the complaint to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Id. ¶¶ 10, 12.

## II.     Motion to Dismiss: 12(b)(6)

### a.   Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6), the Court analyzes the complaint in a two-step process using the current context-based "plausibility" standard established by the Supreme Court. See Schatz v. Republican State Leadership Comm'n., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), discussing Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz, 669 F.3d at 55. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Second, the Court must then "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669

Civil No. 20-1393 (GAG)

F.3d at 55. Plausible means something more than merely possible and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 679). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

Moreover, at the motion to dismiss stage, "the Court may consider: [1] 'implications from documents' attached to or fairly 'incorporated into the complaint,' [2] 'facts' susceptible to 'judicial notice,' and [3] 'concessions' in a plaintiff's 'response to the motion to dismiss.'" Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013) (quoting Schatz, 669 F.3d at 55-56). At the Court's discretion, if it chooses to consider materials outside of the pleadings, a motion to dismiss may be converted to a motion for summary judgement under FED. R. CIV. P. 56. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008).

Under certain "narrow exceptions," some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgement. Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). These exceptions include "documents, the authenticity of which are not disputed by the parties; official public records; documents central to plaintiffs' claim; [and] documents sufficiently referred to in

Civil No. 20-1393 (GAG)

the complaint." <u>Freeman</u>, 714 F.3d at 36 (quoting <u>Watterson</u>, 987 F.2d at 3). "[I]t is well-established that in reviewing the complaint, we 'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment.'" <u>Clorox Co. P.R. v. Proctor & Gamble Com. Co.</u>, 228 F.3d 24, 32 (1st Cir. 2000) (citing <u>Watterson</u>, 987 F.2d at 3-4); <u>see also Schatz</u>, 669 F.3d 55, n. 3.

> b. <u>Legal Analysis and Discussion</u>

Liberty maintains that as a matter of law, PREPA does not have a viable cause of action because the "terms of the Release and Assignment . . . are clear and leave no doubt as to the intentions of the contracting parties." (Docket No. 10 at 5). As such, Liberty concludes that the Court should apply the terms of the waiver as they are written, releasing it from all obligations under the Bond. <u>Id.</u> Liberty is mistaken. While the terms of the Release are clear, the Court harbors serious concerns as to the intentions of the contracting parties. Specifically, the evidence of record suggests that PREPA only intended the Release to apply to its first claim of February 14, 2019, under account 3206 for $30,935.60. <u>See</u> Docket Nos. 14-3 ¶ 6; 14-6 at 1 and 2.

Plaintiff has provided sufficient statutory authority and case law to support its proposition that it is appropriate for courts to inquire into the intent of the parties when the court harbors doubt about the scope of a contract. <u>See</u> P.R. Laws Ann. tit. 31, § 3471 (Literal sense to be observed; when intention prevails); <u>Marcial Burgos v. Tomé</u>, 144 P.R. Dec. 522, 536, 1997 P.R. 871 (P.R. 1997) ("whenever we have doubted the common and evident intent of the parties, we have not hesitated to examine the true intent of the parties"); <u>Merle v. West Bend Co.</u>, 97 P.R 392, 97 P.R. Dec. 403, 409 (P.R. 1969) ("The intention of the parties is the essential test provided by the Civil Code to fix the scope of the contractual obligations").

Civil No. 20-1393 (GAG)

Defendants cite <u>Caribbean Seaside Heights Props. v. Erikon, LLC</u>, 867 F.3d 42 (1st Cir. 2017), for the proposition that courts must uphold waivers when the terms of such are unambiguous. (Docket No. 10 at 6). <u>Caribbean Seaside</u> is distinguishable from the instant case because therein, the Court harbored no doubt as to the intent of the contracting parties. 867 F.3d at 44. Taking Plaintiff's well-pled facts as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has established a plausible claim for relief.

###     III.     <u>Motion for Summary Judgment: FED. R. CIV. P. 56</u>

####         a.   <u>Standard of Review</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>see</u> FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" <u>Iverson v. City of Boston</u>, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted).

The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. <u>Celotex</u>, 477 U.S. at 325. "The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." <u>Maldonado-Denis v. Castillo-Rodriguez</u>, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(B). If the Court finds that a genuine issue of material fact remains, the resolution of which

Civil No. 20-1393 (GAG)

could affect the outcome of the case, then the Court must deny summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of any and all reasonable inferences.  Id. at 255.  Moreover, at the summary judgment stage, the Court does not make credibility determinations or weigh the evidence.  Id.  Summary judgment may be appropriate, however, if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

b.  Legal Analysis and Discussion

PREPA cites Arsuaga v. La Hood Constructors, Inc., 90 P.R. 101, 90 P.R. Dec. 104 (P.R. 1964), to argue that PREPA need not present evidence of the perfected surety bond in order to make a valid claim under the same. (Docket No. 34 at 3). Arsuaga is not applicable to the matter at hand, as it stands for the proposition that by filing a claim under the bond in question, non-signatory third parties were deemed to have accepted the bond. 90 D.P.R. at 124. PREPA is not a non-signatory and thus cannot rely on Arsuaga in place of presenting evidence of a perfected bond. Supplementing this argument, PREPA claims that under P.R. Laws Ann. tit. 31, § 3374, "all that is required for the obligee to accept the benefit of a surety's obligation under the bond as third party beneficiary is for the obligee to claim under the bond." (Docket No. 34 at 3). The remainder of the statute's language clearly indicates that the obligee must first provide notice of their acceptance, which PREPA has yet to prove by failing to provide evidence of the perfected bond in question.

PREPA further claims that Sears's and Kmart's bankruptcy proceeding has no effect on the amount in controversy in the instant suit. (Docket No. 34 ¶ 10-13), given that the bankruptcy

**Civil No. 20-1393 (GAG)**

proceeding only affects the administrative priority of its claim. <u>Id.</u> at ¶ 11. Liberty contests this statement, alleging instead that the bankruptcy proceeding will function to reduce the amount in controversy in the instant case by $363,723.25. (Docket No. 41 at 5).

The existence of disputed issues of material fact precludes summary judgment at this stage. Liberty has pointed to at least two separate issues of fact that require the Court to deny summary judgment. First, both parties have maintained opposing positions relating to the existence and validity of the Bond agreement in their pleadings. (Docket Nos. 25 at 7-8; 13 ¶ 11). Second, Liberty has properly contested the amount in controversy, citing Sears's and Kmart's bankruptcy proceeding, from which Plaintiff stands to collect. (Docket No. 25 at 8-9). This case must proceed to discovery to examine these issues of fact.

### IV.    <u>Conclusion</u>

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss at Docket No. 10 and **DENIES** Plaintiff's motion for summary judgment at Docket No. 13.

**SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of August 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge